UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE TERRI L. STEFFEN                      CASE NO. 8:1-bk-9988-MGW
_____            CASE NO. 8:8-ap-139-MGW

TERRI L. STEFFEN,

      Appellant,

v.                                           CASE NO. 8:14-cv-416-T-23

USA,

      Appellee.
_____/

## **ORDER**

On May 29, 2001, Terri L. Steffen petitioned (No. 8:1-bk-9988, Doc. 1) for

bankruptcy.  On March 18, 2008, the United States initiated (No. 8:8-ap-139, Doc. 1)

an adversary proceeding against Steffen (1) alleging that, "[d]uring the course of the

Chapter 11 bankruptcy case, [Steffen] transferred property of the estate with the

intent to hinder, delay, or defraud creditors" and (2) requesting that the bankruptcy

judge "deny entry of a discharge in [the] bankruptcy case."  After Steffen failed to

appear at a deposition (resulting in the first sanction), failed to timely pay a monetary

sanction (resulting in the second sanction), and refused to testify at a second

deposition, the bankruptcy judge sanctioned (No. 8:8-ap-139, Doc. 213) Steffen for

the third time by entering (No. 8:8-ap-139, Doc. 214) a default judgment in favor of

the United States and against Steffen.  Steffen appeals (Doc. 1-1) twelve orders,

including the third sanction.[1]

## DISCUSSION

Appealing the third sanction, Steffen argues (1) that "the bankruptcy court

exceeded its authority when it granted the government's motion for [a] criminal

contempt [sanction] against Steffen"; (2) that, "to the extent" the court imposed a

sanction under Rule 37, Federal Rules of Civil Procedure,[2] "the court abused its

discretion because there was no evidentiary basis that Steffen violated any court

order"; and (3) that "there was no basis for . . . the most extreme sanction of entering

---

[1] Steffen's notice of appeal identifies twelve challenged orders, including the final judgment and two post-judgment orders.

| | |
|---|---|
| Dkt. 33 | Order Granting in Part and Denying in Part Motion to Compel |
| Dkt. 34 | Order Denying Motion to Compel Plaintiff to Produce Documents |
| Dkt. 35 | Order Denying Motion to Compel Plaintiff to Answer Interrogatories |
| Dkt 97 | Order Granting Motion for Sanctions |
| Dkt 101 | Order Denying Motion for Reconsideration |
| Dkt 102 | Order Denying Motion for Protective Order |
| Dkt 205 | Order Denying Motion to Continue/Reschedule Hearing |
| Dkt 206 | Order Granting Motion to Withdraw as Counsel |
| Dkt 213 | Order Granting Motion for Contempt Sanctions |
| Dkt 214 | Final Judgment |
| Dkt 219 | Order Denying Motion to File Documents Electronically |
| Dkt 221 | Order Denying Motion for Rehearing |

(Doc. 1-1 at 1–2) Steffen earlier appealed and the district court affirmed (No. 8:9-cv-1913, Doc. 17) two (No. 8:8-ap-139, Docs. 97, 101) of the twelve orders. Also, Steffen's brief fails to mention five (No. 8:8-ap-139, Docs. 33–35, 102, 219) of the remaining ten orders and, accordingly fails to preserve any distinct attack on any of the five. This order discusses only the remaining five orders (No. 8:8-ap-139, Docs. 205–06, 213–14, 221).

[2] Rule 37(b)(2)(A)(vi) states, "If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may . . . render[] a default judgment against the disobedient party."

judgment against her." (Doc. 18 at 18, 23)  Also, Steffen appeals the order (No. 8:8-ap-139, Doc. 205) denying Steffen's motion to continue the hearing on the third sanction and the order (No. 8:8-ap-139, Doc. 206) "granting [Edward J. Peterson III's] motion to withdraw as counsel."

## 1. Criminal Sanction

Steffen labels the third sanction a "criminal contempt sanction" and argues that "a bankruptcy court does not have the power to impose criminal (punitive) sanctions." (Doc. 18 at 19–20)  "A contempt sanction is considered civil if it is remedial, and for the benefit of the complainant.  But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court." *Serra Chevrolet, Inc. v. Gen. Motors Corp.*, 446 F.3d 1137, 1147 (11th Cir. 2006) (internal quotation marks omitted).  Steffen argues that "it would seem clear that the sanction of striking Steffen's pleadings and entering judgment against her would be punitive as there is no compensatory aspect of such an order." (Doc. 18 at 20)

However, Rule 37 provides default judgment as a form of civil sanction. Specifically, Rule 37(b)(2)(A)(vi) states, "If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may . . . render[] a default judgment against the disobedient party."  Under Rule 7037, Federal Rules of Bankruptcy Procedure, "Rule 37 F.R.Civ.P. applies in adversary proceedings."

Further, discussing the imposition of a Rule 37 sanction, *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976), states:

> [T]he most severe in the spectrum of sanctions provided by statute or rule [i.e., an "outright dismissal"] must be available . . . in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

*Accord Clark v. Keen*, 346 Fed. Appx. 441, 442 (11th Cir. 2009) (per curiam) ("Dismissal [as a civil sanction] may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault."); *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) (same). Although *National Hockey League* analyzes a Rule 37(b)(2)(A)(v) sanction ("dismissing the action or proceeding in whole or in part"), the analysis applies equally to a Rule 37(b)(2)(A)(vi) sanction ("rendering a default judgment against the disobedient party"). In other words, a civil sanction of dismissal or default works to benefit an innocent party by relieving an innocent party of the oppression or burden of misconduct or vexation aimed at the innocent party by the guilty party (and not to vindicate the authority of the court).

The bankruptcy judge concluded, "[I]t is clear to the Court that further moderate steps to enforce compliance will simply be a waste of time." (No. 8:8-ap-139, Doc. 213 at 8) Also, Steffen cites no fact — and a review of the circumstances of the third sanction reveals no fact — suggesting that the bankruptcy judge imposed the sanction to "penalize" Steffen. *See National Hockey League*, 427 U.S. at 643. The bankruptcy judge entered a default judgment in favor of the United States and against Steffen not to "vindicate the authority of the court" but to "enforce compliance" for the benefit of the United States. (No. 8:8-ap-139, Doc. 213 at 8) *See Serra Chevrolet*,

446 F.3d at 1147.  In sum, the bankruptcy judge imposed a civil sanction under Rule 37.

## 2. Rule 37

Steffen argues that, even if the bankruptcy judge imposed a sanction under

Rule 37, he "abused [his] discretion" because he "based [his] decision on clearly

erroneous factual findings."[3]  (Doc. 18 at 20)  The bankruptcy judge's finding of fact

is reviewed for clear error; the bankruptcy judge's finding of law is reviewed *de novo*.

*In re MacNeal*, 308 Fed. Appx. 311, 315 (11th Cir. 2009).[4]  The bankruptcy judge's

award of a Rule 37 sanction is reviewed for abuse of discretion.  *In re MacNeal*,

308 Fed. Appx. at 315.

### A. Undisputed Facts

After Steffen failed to appear at a deposition, a May 15, 2009 order (No. 8:8-

ap-139, Doc. 97) imposed a monetary sanction on Steffen and directed Steffen to

"appear for deposition on June 16, 2009."  The district court affirmed (No. 8:9-cv-

1913, Doc. 17) both the sanction and an order denying Steffen's motion for

---

[3] Also, Steffen argues that, even if the bankruptcy judge imposed a civil sanction under Rule 37, "the bankruptcy court failed to provide Steffen with even the most minimal due process protections" because "she had no place to stay in Florida" during the hearing on the United States' motion for a third sanction. (Doc. 18 at 20, 22) However, in denying (No. 8:8-ap-139, Doc. 205) Steffen's motion to continue the hearing, the bankruptcy judge explains, "Steffen . . . [moves] to continue th[e] hearing, for no stated reason other than she's not in town, because the Villareal mansion is being rented out. . . . That is typical of the level of seriousness which . . . Steffen has given to her responsibilities as a party in a lawsuit in this court." (No. 8:8-ap-139, Doc. 213 at 7)

[4] *In re MacNeal*, 308 Fed. Appx. at 315, supplies both the district court's and the Eleventh Circuit's standards of review of a bankruptcy order — "As the second court of review, we examine independently the factual and legal determinations of the bankruptcy court and employ the same standard of review as the district court." (internal quotation marks omitted).

reconsideration of the sanction.[5]  A June 11, 2009 order (No. 8:8-ap-139, Doc. 114) granted Steffen's motion "to extend the time to pay the sanctions awards," but Steffen failed to timely pay the sanction.  A March 1, 2011 order (No. 8:8-ap-139, Doc. 182) imposed an additional monetary sanction on Steffen.

In the bankruptcy action, a January 5, 2010 order (No. 8:1-bk-9988, Doc. 1085) stayed "all adversary proceedings, all scheduled depositions and all requested discovery,"[6] and an April 1, 2010 order (No. 8:1-bk-9988, Doc. 1107) granted Steffen's "renewed verified motion to dismiss."  An August 6, 2010 order (No. 8:1-bk-9988, Doc. 1162) re-opened the bankruptcy action, and a March 13, 2011 order (No. 8:8-ap-139, Doc. 187) directed the parties to resume discovery in this adversary proceeding.  On March 15, 2011, the United States scheduled Steffen's deposition for April 4, 2011.  At the deposition, Steffen appeared without counsel and refused to testify.  The parties phoned the bankruptcy judge, who terminated the deposition and directed the United States to move for a sanction against Steffen.[7]

---

[5] Although Steffen appealed the district court's affirmance to the Eleventh Circuit, Steffen voluntarily dismissed the appeal in accord with an April 1, 2010 order (No. 8:1-bk-9988, Doc. 1107) granting Steffen's "renewed verified motion to dismiss."

[6] A December 30, 2009 order (No. 8:1-bk-9988, Doc. 1083) stays "all related adversary proceedings," and the January 5, 2009 order clarifies that the stay extends to "all adversary proceedings, all scheduled depositions and all requested discovery." (No. 8:1-bk-9988, Doc. 1085 at 1)

[7] The United States alleges:

> After the conclusion of the hearing on April 4, 2011, government trial counsel advised both Steffen and DeCailly that she would agree to continue Steffen's deposition to the next morning if that alternative date and time was acceptable. Government trial counsel gave DeCailly both her cell phone number and hotel

(continued...)

After Steffen failed to attend a May 24, 2011 hearing on the ensuing motion for a
sanction, the bankruptcy judge granted (No. 8:8-ap-139, Doc. 213) the motion and
entered (No. 8:8-ap-139, Doc. 214) a default judgment in favor of the United States
and against Steffen.[8]

### B. Disputed Facts

Steffen argues that the bankruptcy judge "based [his] decision on clearly
erroneous factual findings." (Doc. 18 at 20)  Steffen asserts that the United States
"served notice of [the] deposition . . . despite . . . kn[owing that] . . . DeCailly,
counsel for Steffen at the time, was not available and without clearing the date with
[Edward J. Peterson III], Steffen's other counsel." (Doc. 18 at 13)  Review of e-mails
between DeCailly and Mary Apostolakos Hervey, who represented the United States,
shows that DeCailly informed Hervey that DeCailly would withdraw as counsel and
that DeCailly would ask Peterson to represent Steffen at the scheduled time.  Hervey
accused DeCailly's plan "to withdraw as Steffen's counsel [of being] just another of

_____

(...continued)
number and asked him to contact her if Steffen was able to arrange for
attendance by counsel acceptable to her. No such arrangements were made so
government trial counsel left Tampa without having the opportunity to depose
Steffen.

(Doc. 19 at 21)

[8] Steffen argues that she "cannot be held in contempt of the May 15, 2009 [order] for not
appearing at a different time and place some two years later than that specified in the May 15, 2009
order." (Doc. 18 at 21) However, as the United States explains, "[t]his argument ignores the fact that
the [May 15, 2009] order expressly provided that Steffen's deposition date would continue
to completion, that the parties agreed on June 16, 2009 that Steffen's deposition would be continued
to a later date, that in accordance therewith Steffen's deposition was noticed for April 4, 2011, and
that Steffen appeared on that date but refused to testify despite the ability to do so." (Doc. 19
at 25 n.6)

the many delay tactics [that the United States has] been subjected to in this now decade long pending travesty of a bankruptcy case" and advised DeCailly that "Steffen's deposition on April 4 at 1:00 pm will go forward." (Doc. 1-50 at 19) Likewise, in imposing the third sanction, the bankruptcy judge recalls that he "voiced [his] concern[]" "that a change of counsel would again be used by Ms. Steffen as further grounds to delay discovery or otherwise participate in the process" and that he "made it clear that change of counsel would not be grounds for further continuances." (No. 8:8-ap-139, Doc. 213 at 5)

Also, Steffen asserts that "she was not even informed of the notice of the deposition until hours before the time and place of the deposition." (Doc. 18 at 21) However, not only were Steffen's counsel (both DeCailly and Peterson) aware of the deposition, which the United States scheduled almost three weeks in advance, but counsel failed to move to change the date and failed to otherwise contest the date until after the deposition. Further, even if Steffen learned about the deposition "hours before," she appeared at the deposition and refused to testify. As the bankruptcy judge summarized, "Ms. Steffen showed up; had . . . no communication with her lawyers about the deposition, other than she knew that it was scheduled. It was incumbent on her to arrange for counsel or to appear *pro se* to participate meaningfully in that deposition. She did not do so." (Doc. 213 at 6)

Finally, Steffen complains that Peterson "did not appear with her" at the deposition. (Doc. 18 at 21) Although without counsel, Steffen refused to testify even

in the presence of the bankruptcy judge, purportedly because, if she named who she was "staying with," the United States would "harass him." (Doc. 1-37 at 51) However, as the bankruptcy judge stated, "Ms. Steffen, both directly and through her counsel, knew of the importance of complying with discovery because of the numerous orders that had been directed against her, compelling her to participate in that process. Somehow, it just wasn't important enough for everyone to be ready to go forward with that deposition." (Doc. 213 at 6) The bankruptcy judge's account of the facts contains no error, clear or otherwise.

## C. Law

Citing *National Hockey League*, 427 U.S. at 639, and *Phipps*, 8 F.3d at 790, the bankruptcy judge imposed the third sanction by entering a default judgment in favor of the United States and against Steffen. A default judgment "may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault." *Phipps*, 8 F.3d at 790. Because Steffen displayed "wilfulness, bad faith or fault," the bankruptcy judge's imposition the Rule 37 sanction was not an abuse of discretion. *See Harris v. Warden*, 498 Fed. Appx. 962, 964 (11th Cir. 2012) ("We review for abuse of discretion a district court's decision to impose sanctions under its inherent power, asking whether it applied the wrong legal standard or made clearly erroneous findings of fact."). In fact, the default judgment was the bankruptcy judge's only reasonable and effective response.

### 3. Default Judgment

Finally, Steffen argues that "there was no basis for . . . the most extreme

sanction of entering judgment against her." (Doc. 18 at 23) *Clark*, 346 Fed. Appx.

at 442, states:

> We have recognized that "[d]ismissal with prejudice is the most severe
> Rule 37 sanction and is not favored . . . [b]ut, dismissal may be
> appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith
> or fault." Dismissal is not an abuse of discretion "[w]hen a party
> demonstrates a flagrant disregard for the court and the discovery
> process." On the other hand, a "[v]iolation of a discovery order caused
> by simple negligence, misunderstanding, or inability to comply will not
> justify a Rule 37 . . . dismissal." In reviewing whether the district court
> properly dismissed the action, "one consideration is whether a less
> drastic but equally effective remedy could have been fashioned."

(citations omitted). Like a dismissal, "the extreme sanction of [a default judgment]

was appropriate in this case by reason of [Steffen's] 'flagrant bad faith' and [her]

counsel's 'callous disregard' of their responsibilities." *National Hockey League*,

427 U.S. at 643.

Arguing that she learned of the deposition "hours before" and that her counsel

could not attend the deposition, Steffen labels her refusal to testify the result of

"simple negligence, misunderstanding, or inability to comply." *See Clark*, 346 Fed.

Appx. at 442. However, based on Steffen's actions before and during the deposition,

the bankruptcy judge determined that Steffen's refusal was "due to wilfulness, bad

faith[, and] fault" and "demonstrate[d] a flagrant disregard for the court and the

discovery process." *See Clark*, 346 Fed. Appx. at 442. Even though a default

judgment "is not favored" as a Rule 37 sanction, Steffen's obstruction warranted "the most severe Rule 37 sanction." *See Clark*, 346 Fed. Appx. at 442.

Abuse of discretion exists "if less drastic sanctions would suffice." *Wouters v. Martin Cnty., Fla.*, 9 F.3d 924, 934 (11th Cir. 1993). However, the bankruptcy judge identified a stubborn and purposeful pattern of non-compliance and soundly concluded that "this Court has given up all hope of compliance by [Steffen] with the requirements of providing discovery." (Doc. 213 at 8) In other words, Steffen's protracted pattern of contumacy and disingenuousness caused the bankruptcy judge to conclude that no alternative form of sanction offered a plausible prospect of the adversary proceeding's advancing to conclusion in a tolerable manner. Given Steffen's brazen misconduct, the bankruptcy judge pursued the only reasonable, fair, and reliable course — a default judgment. Anything less invited more of the same. *See Phipps*, 8 F.3d at 790 ("[S]ome cases speak for themselves and are clear enough without the district court adding a section to its opinion to explain why lesser sanctions were not used. This case is one of those cases."). Entering a default judgment in favor of the United States and against Steffen was certainly not an abuse of discretion. In fact, the default judgment was entirely justified. Enough is enough.

**4. Hearings**

Arguing that the bankruptcy judge denied Steffen "even the most minimal due process protections" (Doc. 18 at 20), Steffen appeals the order (No. 8:8-ap-139, Doc. 205) denying Steffen's motion to continue the hearing on the third sanction.  As the bankruptcy judge explained, "Steffen . . . [moved] to continue th[e] hearing, for no stated reason other than she[ was] not in town, because the Villareal mansion [wa]s being rented out. . . .  That [was] typical of the level of seriousness which . . . Steffen [gave] to her responsibilities as a party in a lawsuit in th[e bankruptcy] court." (No. 8:8-ap-139, Doc. 213 at 7)  Steffen appeals the order (No. 8:8-ap-139, Doc. 206) "granting [Peterson's] motion to withdraw as counsel" for the same reason — that she could not attend the hearing, which the bankruptcy judge scheduled for the same day as the hearing on the third sanction.  Given Steffen's pattern of delay and given the unpersuasive explanation for her inability to attend the two hearings, the bankruptcy judge correctly ruled on Steffen's motion to continue the hearing and on Peterson's motion to withdraw as counsel.

## CONCLUSION

The third sanction (No. 8:8-ap-139, Doc. 213), the final judgment (No. 8:8-ap-139, Doc. 214), and the order (No. 8:8-ap-139, Doc. 221) denying reconsideration of the final judgment are **AFFIRMED**.  Also, the order (No. 8:8-ap-139, Doc. 205) denying Steffen's motion to continue the hearing on the third sanction and the order

(No. 8:8-ap-139, Doc. 206) "granting [Peterson's] motion to withdraw as counsel"

are **AFFIRMED**.  The clerk is directed to close the case.

ORDERED in Tampa, Florida, on May 7, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE